THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: October 2, 2012

Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Roger Peter Rinaldi and<br>Desa Lilly Rinaldi,<br>        Debtors. | Chapter 13<br><br>Case No. 11-35689-svk |
| Roger Peter Rinaldi, et al.,<br>        Plaintiffs,<br>v.<br>HSBC Bank USA, N.A. et al.,<br>        Defendants. | Case No. 12-2412 |

**ORDER DENYING DEBTORS' SECOND MOTION FOR RECONSIDERATION OF
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On September 24, 2012, the Court held a hearing on the Debtors' Motion to Suspend Briefing Schedule. At that hearing, the Court accepted the Amended Complaint as to the Wells Fargo Defendants, but denied the Motion to Amend as to the Gray Defendants. The Court also issued a revised briefing schedule on the Motions to Dismiss.

That same day, the Debtors filed a Motion for Reconsideration, asking the Court to reconsider the decision to deny the Motion to Amend as to the Gray Defendants. On September 26, 2012, the Court issued an Order on this Motion that set a modified briefing schedule on the Motions to Dismiss and that denied the Motion for Reconsideration in all other respects.

On September 28, 2012, the Debtors filed a Second Motion for Reconsideration as to the decision to deny the Motion to Amend as to the Gray Defendants. The Debtors filed this Motion pursuant to Rule 9024, which incorporates Federal Rule of Civil Procedure 60(b). Rule 60(b) states that relief can be granted from a final judgment or order for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Rule 60(b), and thus Rule 9024, "'is an extraordinary remedy'" which is to be granted only "'in exceptional circumstances.'" *Bernegger v. King*, 2011 U.S. Dist. LEXIS 67716, at *6 (E.D. Wis. June 23, 2011) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Moreover, "'[j]udicial economy requires that a Rule 60(b) movant demonstrate a meritorious claim or it would be a waste of time to reopen proceedings.'" *In re Envirodyne Industries, Inc.*, 214 B.R. 338, 344 (N.D. Ill. 1997) (quoting *Delta Employees Credit Union v. Gonzalez (In re Gonzalez)*, 73 B.R. 754, 758 (N.D. Ill. 1987)); *see also In re Tirado*, 329 B.R. 244 (Bankr. E.D. Wis. 2005) (denying motion for reconsideration under Rule 59 when no manifest error of law or fact asserted).

In their Second Motion for Reconsideration, the Debtors fail to articulate any valid ground for granting relief under any provision of Rule 60(b), much less why this matter presents an "exceptional circumstance" warranting an "extraordinary remedy." The Court already found that the Debtors had no meritorious claim regarding their Motion to Amend as to the Gray Defendants. Nothing presented in the Second Motion for Reconsideration alters the Court's decision.

IT IS THEREFORE ORDERED: The Debtors' Second Motion for Reconsideration is denied.

####