UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROGER PETER RINALDI and
DESA LILLY RINALDI,

                    Appellants,

v.

HSBC BANK USA NA, *et al.,*

                    Appellees.

Case No. 12-CV-1065-JPS

ORDER

      On October 16, 2012, Appellants Roger Peter Rinaldi and Desa Lilly Rinaldi ("Appellants") filed a notice of appeal in the United States Bankruptcy Court for the Eastern District of Wisconsin, notifying the court and parties of their intent to appeal an Order entered on October 2, 2012, by Bankruptcy Judge Susan V. Kelley ("the October 2 Order"). The October 2 Order denied Appellants' second motion for reconsideration of their motion for leave to file an amended complaint. Appellees Gray & Associates, William N. Foshag, Duncan C. Delhey, Jay Pitner, and Brian D. Perhach ("Appellees") filed a motion to strike Appellants' notice of appeal, arguing that the October 2 Order was not a final judgment, and that Appellants did not demonstrate that review of a non-final order was warranted. Appellants filed a response to the motion to strike, in which they claim, without citing any case law for support, that the October 2 Order constitutes a final order. Appellees filed no reply. Following review, the court concludes that the October 2 Order was not a final order. As the appeal is taken from a non-final order, the court must dismiss this case.

The court's analysis begins with the question of whether the October 2 Order is a final order. If it is, the court has jurisdiction to consider Appellants' appeal pursuant to 28 U.S.C. § 158(a)(1). An Order from a bankruptcy court is a final order for purposes of appeal if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Herbstein v. Bruetman*, 241 F.3d 586, 588 (7th Cir. 2001) (citations). By this standard, the October 2 Order is plainly not a final order; it denied appellants' second motion for reconsideration of the amendment motion, but it notes that the amendment motion was granted as to another group of defendants, and it left intact the other claims Appellants raised against Appellees. (Docket #3). Which is to say, the bankruptcy court had much more to do but execute the judgment, as several claims (including claims against Appellees) remained pending. It is the standard rule in this circuit that a denial of a motion to amend a complaint is not immediately appealable. As the Seventh Circuit explained:

> An order denying a motion to amend a pleading is not immediately appealable. 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1484 (1990). It is not considered a final judgment within the meaning of section 1291, title 28 of the United States Code. *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 650 (2nd Cir. 1987). […]A party must wait until a final judgment in the case to appeal the order.

*Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 248 (7th Cir. 1992). In sum, the bankruptcy court's denial of Appellants' motion to amend, and, therefore, its motion for reconsideration of that denial, is not a final order for purposes of appeal to this court.

Yet, further analysis is warranted as the procedural landscape is slightly more variable in bankruptcy appeals, which are often characterized

as enjoying a "somewhat relaxed sense of finality." *In re J. Catton Farms, Inc.*, 779 F.2d 1242, 1250 (7th Cir. 1985). This flexibility is justified due to the "aggregation of controversies and suits" common to bankruptcy cases. *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (*citing Jove Engineering v. IRS*, 92 F.3d 1539, 1548 (11th Cir. 1996)). In such cases, courts have permitted review of bankruptcy orders that "finally dispose of discrete disputes within the larger case." *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (*quoting In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). Because of the protracted nature of some bankruptcy cases, particularly those that create and oversee a plan, "[t]o avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." *In re Dalkon Shield Claimants*, 828 F.2d 239, 241 (4th Cir. 1987) (*quoting In re Amatex Corp.*, 755 F.2d 1034, 1039 (3rd Cir. 1985)). The progress of this case in the bankruptcy court makes this court's decision not to review the appeal unusually simple because, in the few months while this appeal was pending before the court, the bankruptcy court has proceeded with the case, its work culminating in a recommendation resolving the remainder of Appellants' claims on the merits. *In re Rinaldi*, Bankruptcy No. 11-35689-SVK, Adversary No. 12-2412 (Bankr. E.D. Wis. February 22, 2013). Because the remainder of the case is now resolved, granting interlocutory review of the October 2 Order would not prevent any waste of time and resources of the bankruptcy court, and there is no justification for assessing the bankruptcy court's Order with a "relaxed sense of finality."

Finally, the court notes that, pursuant to Federal Rule of Bankruptcy Procedure 8003(c), it has discretion to consider Appellants' notice of appeal as a motion for leave to appeal an interlocutory order. Fed. R. Bankr. P. 8003(c) ("If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed."). Again, considering the progress Judge Kelley has achieved with this case in the bankruptcy court, it would be illogical to invoke this rule of procedure to permit an interlocutory appeal of the October 2 Order.

Having concluded that the October 2 Order is not a final order for purposes of review under 28 U.S.C. § 158(a)(1), and having concluded that the notice of appeal will not be considered a motion for leave to appeal in this case, the court must dismiss Appellants' appeal of the October 2 Order.

Accordingly,

IT IS ORDERED that Appellants' appeal from the U.S. Bankruptcy Court's Order entered on October 2, 2012, by Bankruptcy Judge Susan V. Kelley be and the same is hereby DISMISSED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge